(November 10, 1909.)

CHARLES ROSNAGLE, Respondent, v. JOSH ARM-STRONG, G. W. WILSON, R. J. MOURNING, W. E. KNUDSON, ERNEST RANDALL, JOHN RANDALL, MELVIN LOVELL, O. A. MOWREY, F. B. JONES, P. R. SULLIVAN, M. M. SHELDON, G. M. TOMER, Appellants.

[105 Pac. 216.]

ADMISSION OF EVIDENCE—AUTHORITY OF AGENT—STATEMENT BY DE-FENDANT.

1. In an action where the issue involved is the execution and delivery of a promissory note to the agent of the payee, and the defendants offer to introduce a certificate of stock issued by the officers of the defendant company, who had organized as a company for the ownership and management of the property for which the note is alleged to have been given, and such certificate is offered for the purpose of corroborating their statements that they did not sign the note sued on, and it appears that the word "joint" appearing in such certificate was crossed out by the agent of the payee

at the time of the transaction, it is not error for the court to reject such offer, for the reason that the real issue is the execution of the note and the written contract must prevail, and the action of the agent with reference to such certificate cannot affect the liability of the defendants where the note is in the hands of an innocent purchaser.

2. Where the question of the authority and action of an agent is involved, it is not error for the court to permit the principal to answer the following question: "Now, Mr. Gray, you may tell the jury whether or not you gave to Mr. Hughes or authorized him in any manner to have notes in that style, or any note other than the note which is offered in evidence, and the yellow paper, taken in settlement of that horse."

3. It was not error in this case for the court to permit the witness to testify to declarations made to him by one of the defendants.

4. It was error to allow such witness to testify to statements made by the witness to one of the defendants as to what the principal would be willing to do, but such error does not appear to have prejudiced the rights of the defendants, and is not ground for a reversal of the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action on a promissory note. Judgment for the plaintiff. Defendants appeal. *Affirmed.*

Morgan & Morgan, for Appellants.

It is relevant to put in evidence any circumstances which tend to make the proposition at issue more or less probable. (Wharton on Ev., secs. 21, 22; *Moran v. Abbey,* 58 Cal. 163.) Any testimony which will assist the court or jury in determining which party speaks the truth as to the issues in the action is relevant, and should be received. (*Prior v. Oglesby,* 50 Fla. 248, 39 So. 593; 2 Enc. of Ev. 173, and authorities there cited.)

Forney & Moore, for Respondent.

This court will not review the sufficiency of the evidence to sustain a verdict or a judgment, on an appeal from the

judgment, unless the bill of exceptions contain a specification of the particulars in which it is claimed the evidence is insufficient. (*Humphrey v. Whitney, ante,* p. 14, 103 Pac. 389.)

AILSHIE, J.—This action was instituted for the recovery of a balance of $1,340.67 alleged to be due from the defendants on a joint and several promissory note executed by them for the sum of $3,600. The defendants answered, denying all the material allegations of the complaint and denying the execution of the note. They alleged that the note was a forgery and that they never executed the same. The case was tried to a jury, and a verdict was rendered in favor of the plaintiff. Defendants moved for a new trial; their motion was denied and they appealed from the judgment and order denying their motion.

It seems that this note, if ever executed at all, was executed by the defendants in payment of the purchase price for a stallion. It is admitted that the defendants purchased of one M. C. Gray, through an agent Hughes, a stallion for which they agreed to pay $3,600. They contend, however, and so testify, that they refused and declined to execute a joint note for this sum, but that on the contrary they executed their individual notes, each to the amount of $360, in payment for this purchase. It was claimed, on the other hand, by the plaintiff, who alleged that he was an innocent purchaser for value, that the agent Hughes delivered the animal to one of the defendants in accordance with written instructions and received this joint obligation for $3,600, and thereafter delivered this note to his principal, Gray, who sold and transferred the obligation to the plaintiff, Rosnagle.

It seems that at the time of the transaction Hughes was present apparently making all kinds of representations to the defendants, who appear to have been as credulous in accepting them as he was reckless in making them, and during that time they organized themselves into a company for the purpose of owning and controlling this animal, and elected Randall as president and Lovell as secretary. Hughes seems to have had some blank forms that he called "certifi-

cates of stock,'' and he made out one in favor of Randall, which was thereupon signed by Randall as president and Lovell as secretary. This certificate contained the statement that Randall had given his joint notes in payment for one share in the company, but it is shown by the evidence that Hughes crossed out the word ''joint,'' leaving the certificate to read as follows:

### ''CERTIFICATE OF STOCK.

''This is to certify that Mr. John Randall has given his ~~joint~~ notes in payment for his One share of Three Hundred Sixty Dollars per share, in the registered Percheron Stallion named Romulus No. 45616-(56993).

''Dated at Moscow, County of Latah, State of Idaho, this 18th day of March, 1907.

''MELVIN LOVELL, Sec.

''Attest:   JOHN RANDALL, Pres.''

On the trial of the case the defendants had testified that they did not sign the promissory note that was introduced in evidence by the plaintiff, and in corroboration of their testimony they offered this stock certificate. This was offered apparently upon the theory that it would corroborate the statement to the effect that they never executed any joint note or obligation. The trial court sustained an objection to the offer, and the appellants assign the action of the court as error. If this action were being prosecuted by the payee of the note, there might be some reason for the contention made, but this case is prosecuted by an innocent purchaser, and of course any statement made in a certificate issued by the defendants would not bind the respondent, even though the agent who made the sale of the horse for which the note was given did make the alteration and representation set forth in the certificate. There was no error in the ruling of the court excluding this offer.

The fourth assignment of error was made against the action of the court in permitting the witness Gray to answer the following question: ''Now, Mr. Gray, you may tell the jury whether or not you gave to Mr. Hughes or authorized him in any manner to have notes in that style, or any note

other than the note which is offered in evidence, and the yellow paper, taken in settlement of that horse.'' Hughes did not appear as a witness in the case, and the entire controversy revolved about the transaction in which it is claimed he secured this note. The defendants contended that they had never executed the note, but that, on the contrary, they executed their individual several notes for the obligation. The plaintiff was seeking to show that the defendants had executed this particular note, and that as a circumstance Hughes, the agent, had no authority to take any other kind of note than a joint note, and that he had not been supplied by Gray with any other kind of notes. We find no error in the ruling of the court in this respect.

Finally, it is urged by the appellants that the court erred in permitting the witness Matthews to testify over appellants' objection in response to the following question: ''What was said in that conversation between you and he?'' After the defendants had rested their case, the plaintiff called the witness Matthews in rebuttal for the purpose of testifying to a conversation that had taken place between the witness and defendant Sheldon. It was competent for the witness to testify to statements made to him by Sheldon. It is true that some parts of witness' answer should have been stricken out and not permitted. That is especially true with reference to the statement made by the witness as to what he (the witness) told Sheldon that Gray would be willing to do, and the further statement that Gray would not want to collect the debt but once. It does not appear, however, that this is of such prejudicial character that it would authorize or justify a reversal of the judgment.

No specifications of insufficiency of evidence have been made, and in fact there is a substantial conflict of evidence on all the material questions involved in the case. We could not disturb the verdict on the grounds of insufficiency of evidence. It is quite apparent from the record in this case that these appellants have permitted themselves to be hoodwinked and deceived by the man Hughes. If their statements

are true, they certainly have a remedy by which they can bring this man to justice.

Judgment is *affirmed*, with the costs in favor of *respondent*.

Stewart, J., concurs.

Sullivan, C. J., did not sit at the hearing and took no part in the decision.